UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEAN A. ANDERSEN,                                  Case No. 15-cv-667-PP

                 Plaintiff,

v.

MARK VAVRECK and
GONKO & VAVRECK PLLC,

                 Defendants.

---

**DECISION AND ORDER DENYING
THE PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO ALTER OR
AMEND JUDGMENT (DKT. NO. 94)**

---

On February 21, 2017, the court granted the defendants' motion for summary judgment, denied the plaintiff's motion for summary judgment, and dismissed the case. Dkt. No. 92. The court entered judgment on February 23, 2017. Dkt. No. 93. Twenty-eight days later, the plaintiff filed a motion to alter judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 94.

The substance of a motion determines whether a court analyzes that motion under Rule 59(e) or 60(b). Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002). "Rule 59(e) allows the court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Id. at 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error" is a "wholesale disregard,

1

misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Alternatively, rule 60(b) allows the court to vacate a judgment for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005).

Under either rule, the plaintiff's motion to reconsider fails. The plaintiff identifies several "errors of fact and law, as well as pertinent issues not being addressed." Dkt. No. 94 at 1. The plaintiff points out several "errors" which he indicates are inconsequential, and which do not appear to afford him any relief regarding the substance of the court's decision. See, e.g., id. at 1-2. His supporting brief re-states the arguments he made in summary judgment. Dkt. No. 95. In the brief, he re-argues, in detail, all the reasons he believes the defendants committed malpractice. In the motion itself, he disagrees with the court's interpretation of a number of facts—which is, of course his right. And he insists that, even though Judge Stadtmueller stated explicitly that he was not basing his decision on the defendants' performance (or lack of performance), this court cannot know if that was true, and should look at what probably would have happened had the alleged malpractice not taken place.

At their heart, all of the plaintiff's arguments boil down to claims that this court either missed key evidence in his voluminous briefs, or misunderstood his arguments. The court did neither. The court considered all

2

of the evidence the plaintiff raised in his various summary judgment pleadings (many of which he raises again in this motion to reconsider), and it understood them. The plaintiff clearly stated his issues, and clearly explained the many things his attorney did (and, in many instances, did not do) that he believed constituted malpractice. But this court found that even if the defendants committed malpractice, Judge Stadtmueller had made clear that that malpractice did not influence his substantive decision. For that reason, this court found that the plaintiff could not show that he suffered damages because of the alleged malpractice. Dkt. No. 92 at 14. This court also found that, while the plaintiff wanted defendant Vavreck to bring an FDCPA claim on his behalf, Vavreck had no obligation to do so. Id. at 17.

The plaintiff has presented no newly-discovered evidence to the court. Thus, the only basis for granting the plaintiff's motion to reconsider would be if the plaintiff had identified manifest error—that wholesale disregard or misapplication of precedent. The plaintiff has not identified any manifest error—he simply has reiterated what this court already knew: that he disagreed with Judge Stadtmueller's statement that the malpractice did not influence the outcome of the case before Judge Stadtmueller, and that he disagrees with this court's analysis of whether the malpractice caused him damage. The plaintiff has an absolute right to disagree with this court, but the appropriate procedure for him to use to express that disagreement is to file an appeal to the Seventh Circuit. See Banks v. Chicago Bd. of Educ., 750 F.3d 663, 667 (7th Cir. 2014) ("a party invoking Rule 60(b) must claim grounds for relief 'that could not have

been used to obtain a reversal by means of a direct appeal.' Therefore, errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief.") (quoting <u>Kiswani v. Phoenix Sec. Agency, Inc.</u>, 584 F.3d 741, 743 (7th Cir.2009)).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 94.

Dated in Milwaukee, Wisconsin this 20th day of June, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**