**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018[*]
Decided April 12, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2624

| | |
|---|---|
| DEAN ANDERSEN,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-cv-667-PP |
| MARK VAVRECK and<br>GONKO & VAVRECK PLLC,<br>*Defendants-Appellees*. | Pamela Pepper,<br>*Judge*. |

**O R D E R**

Dean Andersen sued attorney Mark Vavreck and his law firm, alleging that Vavreck's shoddy representation caused him to lose his lawsuit against a debt collector. The district judge concluded that Andersen did not raise a genuine issue of material fact about causation and so entered summary judgment for the defendants. We agree and affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Harris & Harris, a debt collector, repeatedly called Andersen's cell phone about a debt he owed to utility company We Energies. Andersen received over 160 automated calls and several automated voicemail messages. Believing that Harris & Harris's actions violated several consumer-protection laws, Andersen sought legal counsel. He hired Mark Vavreck, an attorney who advertised that his specialties included "[s]uing debt collectors and debt collection attorneys in Federal Court." Andersen and Vavreck discussed bringing claims under both the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. But ultimately Vavreck decided that only the TCPA claims had merit, so with Andersen's acquiescence, he filed a complaint in the Eastern District of Wisconsin alleging that Harris & Harris had violated the TCPA.

In the course of the case, Harris & Harris admitted it had made automated calls to Andersen's cell phone. Under the TCPA this admission shifted the burden to the firm to prove that it had Andersen's "prior express consent" to do so. *See* 47 U.S.C. § 227(b)(1)(A). Harris & Harris maintained that Andersen consented to receive calls to his cell phone by giving his phone number to We Energies during service-related phone calls, and that when We Energies referred Andersen's debt for collection, his consent to receive calls also transferred. Harris & Harris offered the affidavit of Tim Brown, a We Energies representative, who summarized real-time notes of Andersen's history of contacts with the company, including occasions in which Andersen asked the company to call him back on his cell phone. At his deposition Andersen could not say for certain if he gave his phone number to We Energies during his dealings with the company. He insisted, however, that if he did, it was in connection with a different service address than the one the debt pertained to, and for a "limited purpose" only.

Harris & Harris moved for summary judgment, prompting Vavreck, on Andersen's behalf, to respond and cross-move for summary judgment. Andersen takes issue with how Vavreck dealt with Brown's affidavit during the briefing on those motions. In his memorandum of law in support of summary judgment, Vavreck mistakenly stated, in the context of arguing that Harris & Harris had no admissible evidence proving that Andersen gave We Energies his phone number, that Harris & Harris had not disclosed Brown as a potential witness during discovery. Upon realizing that Harris & Harris *had* disclosed Brown as a witness, Vavreck walked back that assertion, but moved to strike Brown's affidavit for containing inadmissible hearsay and violating the best evidence rule. Yet when Harris & Harris filed additional proposed findings of material fact (which incorporated statements from Brown's affidavit), Vavreck did not file a response.

No. 17-2624                                                                                                    Page 3

District Judge J.P. Stadtmueller entered summary judgment in favor of Harris & Harris. Judge Stadtmueller's decision hinged on his conclusion that Andersen gave his consent to We Energies to receive calls about his utility service no matter when or where he received it. The judge therefore rejected the argument that if Andersen had given We Energies his phone number while calling about a different service address than the one the debt pertained to, his consent was not given "during the transaction that resulted in the debt owed." *See In re Rules & Regs. Implem'g Tel. Consumer Prot. Act of 1991*, FCC Declaratory Ruling No. 07-232, 23 FCC Rcd. 559 ¶¶ 9–10 (Jan. 4, 2008). Instead the judge concluded that We Energies "obtained Mr. Andersen's cell phone number during conversations about his account, which included service" to any address. The judge's written decision also contained some criticism of Vavreck's performance, particularly his noncompliance with some of the court's local rules.

Two days after the judge issued his ruling and entered judgment, Vavreck informed Andersen that he was terminating his representation and would not file an appeal. The next day, Andersen emailed Vavreck and demanded that Vavreck appeal. That same week, Vavreck filed a notice of withdrawal with the court. Weeks later Andersen filed a pro se motion to reconsider the entry of summary judgment, which Judge Stadtmueller denied. Andersen never appealed either the final judgment or the denial of his motion.

Instead, Andersen filed a pro se complaint, also in the Eastern District of Wisconsin, against Vavreck and his law firm, alleging legal malpractice, breach of fiduciary duty, and deceptive trade practices. District Judge Pamela Pepper presided over the case and granted the defendants' motion for summary judgment. Judge Pepper concluded that no reasonable juror could find that Vavreck's mistakes caused Andersen to lose the TCPA suit. Instead, she observed, Judge Stadtmueller had held as a matter of law that when Andersen gave his phone number to We Energies, he consented to calls about all of his utility services. Judge Pepper concluded that there was no evidence that Andersen would have won but for Vavreck's supposedly poor performance. The lack of causation doomed all three of Andersen's claims against Vavreck.

On appeal Andersen mostly reiterates the list of thirteen mistakes he thinks Vavreck made and challenges Judge Stadtmueller's decision in the underlying case. We focus on his substantive contentions, keeping in mind that proving legal malpractice in Wisconsin requires one to show not only that an attorney breached the standard of care, but also that the plaintiff *would* have prevailed (not *could* have prevailed) on the merits in the underlying action but for the breach. *Helmbrecht v. St. Paul Ins. Co.*, 362 N.W.2d

No. 17-2624 Page 4

118, 124 (Wis. 1985); *see Pierce v. Colwell*, 563 N.W.2d 166, 169 (Wis. Ct. App. 1997). In other words, the plaintiff must win the case underlying the malpractice case. *Glamann v. St. Paul Fire & Marine Ins. Co.*, 424 N.W.2d 924, 926 (Wis. 1988).

None of Andersen's arguments raise a genuine issue of material fact as to whether he would have won the TCPA case against Harris & Harris had it not been for his attorney's purported negligence. First, Andersen describes a series of mistakes by Vavreck, all relating to his actions in opposing Harris & Harris's theory of the case—that Andersen provided his phone number to We Energies during the "transaction that resulted in the debt." Andersen contends that the We Energies notes, which were summarized in Tim Brown's affidavit but never put into evidence, showed that Andersen had multiple accounts, or "transactions," with We Energies. He argues that Vavreck therefore should have opposed Harris & Harris's theory by (1) deposing Brown, (2) responding to Harris & Harris's additional proposed facts that incorporated Brown's affidavit, (3) submitting the We Energies notes to dispute Brown's testimony, and (4) researching whether Andersen's dealings with We Energies constituted one transaction or several for purposes of consenting to calls.

We cannot see how these omissions could have changed the outcome of the TCPA litigation. Judge Stadtmueller was aware of—and addressed—Andersen's contention that his consent was to receive calls only in connection with an account other than the one from which his debt arose. Judge Stadtmueller accepted the premise that Andersen had multiple We Energies accounts for former and current addresses, but he decided as a matter of law that all such accounts comprised one "transaction" for purposes of consent as defined by the FCC. *See* 23 FCC Rcd. 559. Andersen simply speculates that submitting additional evidence or citing more authorities could have changed the judge's legal interpretation. *See Tallmadge v. Boyle*, 730 N.W.2d 173, 180 (Wis. Ct. App. 2007) (conclusory speculations that attorney's negligence caused loss are not enough to show that client would have prevailed in underlying action); *see also W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 679 (7th Cir. 2016) (same). Andersen also insists that the judge's critique of Vavreck's performance shows that his decision was influenced by it, but the judge's rationale for his ruling does not leave room for this interpretation.

Andersen next argues that Vavreck should have appealed Judge Stadtmueller's decision. But Andersen learned within two days of the summary-judgment decision that Vavreck was terminating his representation. Andersen therefore had at least twenty-eight days to pursue an appeal himself. His own inaction, not Vavreck's

withdrawal, caused him to lose his opportunity to appeal. *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1267 (7th Cir. 1994). And of course, it is speculation heaped upon speculation to assume an appeal would have been successful.

Finally, Andersen contends that Vavreck harmed him by refusing to bring a claim that Harris & Harris violated the FDCPA. Andersen contends that during their discussions after the suit was filed, it became clear that Vavreck's earlier decision not to bring the FDCPA claim was influenced by a misunderstanding of the law—that an FDCPA claim would have been untimely. But Vavreck's post-filing statements are irrelevant given what occurred *before* he filed suit. Vavreck explained to Andersen why he was not willing to file the FDCPA claim (he did not believe it had legal merit), giving Andersen sufficient time (a little less than a month according to Andersen's calculations) to find replacement counsel or file suit on his own. *Cf. In re Disciplinary Proceedings Against Boyle*, 872 N.W.2d 637, 646 (Wis. 2015) (noting that attorney who believes claim is frivolous has responsibility, at least, to explain position to client). Andersen then acquiesced to Vavreck's decision to omit an FDCPA claim. In any event, Andersen falls short of proving that he would have *prevailed* if Vavreck had filed the claim. Therefore we cannot conclude that Vavreck harmed Andersen by refusing to file a claim the attorney thought lacked merit. *See Winskunas*, 23 F.3d at 1267.

The district judge addressed other errors Andersen complained of, but on appeal Andersen has waived any contentions he may have had about them. He abandons his arguments about Vavreck's failure to settle the case and about a potentially harmful statement Vavreck made during Andersen's deposition. *See Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011). He also makes no argument in his appellate briefs about his claims of breach of fiduciary duty and deceptive trade practices. To the extent Andersen intended to raise any of these issues, we adopt Judge Pepper's sound analysis of them. Andersen's remaining arguments merit no further discussion.

The judgment of the district court is therefore AFFIRMED.

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

April 12, 2018

Before:

JOEL M. FLAUM, Circuit Judge
DIANE S. SYKES, Circuit Judge
DAVID F. HAMILTON, Circuit Judge

| No. 17-2624 | DEAN ANDERSEN,<br>Plaintiff - Appellant<br><br>v.<br><br>MARK VAVRECK, et al.,<br>Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:15-cv-00667-PP<br>Eastern District of Wisconsin<br>District Judge Pamela Pepper ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_FinalJudgment**(form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

May 4, 2018

To: Stephen C. Dries
UNITED STATES DISTRICT COURT
Eastern District of Wisconsin
Milwaukee , WI 53202-0000

| No. 17-2624 | DEAN ANDERSEN,<br>Plaintiff - Appellant<br><br>v.<br><br>MARK VAVRECK, et al.,<br> Defendants - Appellees |
|---|---|
| **Originating Case Information:** | |
| District Court No: 2:15-cv-00667-PP<br>Eastern District of Wisconsin<br>District Judge Pamela Pepper | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS: No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

-----------------------------------

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                    **Received by:**

05/04/2018                                               /s/ D. La Brie

_____                    _____

form name: **c7_Mandate**(form ID: **135**)